# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:16CR176 |
| v. ) | |
| ) | ORDER |
| SILAS L. KITTO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Silas Kitto's Motion to Sever Counts and Request for Evidentiary Hearing and Oral Argument (Filing No. 21). Defendant seeks to sever all three counts charged in the Indictment from one another because they are not based upon the same act or transaction, are not factually related, and joinder would cause unfair prejudice. (Filing No. 21). For the reasons explained below, the motion will be denied.

## BACKGROUND

Defendant is charged in a three-count Indictment with: on or about September 2015, sexual abuse of an Indian female, W.W., by threat, in violation of 18 U.S.C. §§ 2242(1) and 1153 (Count I); on or about April 2015 and July 2015, abusive sexual contact with R.K., a child under twelve years of age, in violation of 18 U.S.C. §§ 2244(a)(5) and 1153 (Count II); and, on or about April 16, 2016, abusive sexual contact with K.D., a child between twelve and sixteen years of age, in violation of 18 U.S.C. §§ 2244(a)(3) and 1153 (Count III). (Filing No. 1). Each offense is alleged to have taken place within the boundaries of the Santee Sioux Nation Indian Reservation. Defendant filed the instant motion to sever Counts I, II, and III of the Indictment.

## DISCUSSION

Rule 8(a) of the Federal Rules of Criminal Procedure permits the government to charge multiple counts in a single indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8 "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). "[W]here the offenses are similar in character and occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate." *United States v. Robinson*, 781 F.3d 453, 460 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 596 (2015).

As an initial matter, the Court finds that the three counts of the Indictment were properly joined pursuant to Fed. R. Crim. P. 8(a). All of the charged offenses are similar in nature in that they involve Defendant's alleged sexual contact or sexual acts with young girls within the boundaries of the Santee Sioux Nation Indian Reservation. The Indictment alleges the offenses occurred during a relatively short one-year period of time between April 2015 and July 2015, September 2015, and April 16, 2016. The Court disagrees with Defendant's argument that the one-year time frame is not a relatively short period of time. (Filing No. 22 at p. 3). Although "there is no per se rule on when the time period between similar offenses is so great that they may not be joined," the Eighth Circuit Court of Appeals has found joinder was appropriate where two offenses of attempted aggravated sexual abuse occurred one year apart. *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984); see *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001). Moreover, the Eighth Circuit has upheld joinder of charges for offenses based on events separated by substantially longer periods of time than one year. See *id.* (*citing United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (17 month time period); and *Rodgers*, 732 F.2d at 629 (20 month time period)). Finally, joinder is appropriate because the evidence as to each offense overlaps. The evidence supporting each offense will likely be admissible under Federal Rule of Evidence 413, which permits evidence of defendant's

other sexual assaults to be used in the another sexual assault case against the defendant. See *Tyndall*, 263 F.3d at 850.

Once the court determines that the offenses are properly joined under Rule 8, Rule 14 specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. "If joinder is proper under Rule 8, the defendant seeking severance has a heavy burden of demonstrating that a joint trial will impermissibly infringe [upon] his right to a fair trial." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010). "[T]here is a strong presumption against severing properly joined counts." *Id.* Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the "general efficiency of joinder." *Taken Alive*, 513 F.3d at 903. Therefore, separate trials are required only where prejudice caused by a joint trial is "severe or compelling." *United States v. Kirk*, 528 F.3d 1102, 1108 (8th Cir. 2008).

Defendant has failed to show that this is one of the rare cases where a joint trial will cause severe or compelling prejudice. The Eighth Circuit has made clear that "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." *McCarther*, 596 F.3d at 442; see also, *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008) ("A joint trial does not result in additional prejudice where evidence of one charge would have been admissible in a separate trial on another."). "Although Federal Rule of Evidence 404(b) generally excludes the admission of evidence of other crimes to show the propensity to commit a particular crime, Congress excepted sexual assault cases from this rule when it enacted Federal Rule of Evidence 413." *Tyndall*, 263 F.3d at 850. As noted above, Federal Rule of Evidence 413(a) provides, "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." The evidence of the offenses charged in each count of the Indictment would likely be admissible in separate trials against Defendant under the preceding rule.

3

Therefore, Defendant cannot show severe or compelling prejudice warranting severance of the charges.   See *McCarther*, 596 F.3d at 442; *Steele*, 550 F.3d at 702.   Accordingly,

**IT IS ORDERED:**   Defendant Silas Kitto's Motion to Sever Counts and Request for Evidentiary Hearing and Oral Argument (Filing No. 21) is denied.

**DATED:   August 24, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett, III**
**United States Magistrate Judge**

4